IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

WENDY K. BIAS,                       )
                                     )
            Plaintiff,               )
                                     )
v.                                   )   Case No. CIV-10-256-KEW
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social               )
Security Administration,             )
                                     )
            Defendant.               )

## OPINION AND ORDER

Plaintiff Wendy K. Bias (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 4, 1967 and was 42 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has no past relevant work. Claimant alleges an inability to work beginning July 6, 2007 due to limitations arising from back problems and pain, shoulder problems, anxiety,

and depression.

## Procedural History

On August 17, 2007, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act.  Claimant's application was denied initially and upon reconsideration.  On May 11, 2009, an administrative hearing was held before ALJ Lantz McClain in Tulsa, Oklahoma.  On July 13, 2009, the ALJ issued an unfavorable decision on Claimant's application.  On May 27, 2010, the Appeals Council denied review of the ALJ's decision.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in failing to:  (1) engaging in a faulty step five evaluation; (2) properly consider all of the medical source evidence; and (3) engage in a proper

credibility evaluation.

## Step Five Analysis

Claimant contends the ALJ deviated from the *Dictionary of Occupational Titles* ("DOT") in limiting the direction of Claimant's reaching limitation when the DOT does not designate a direction. At the hearing, the ALJ posed the hypothetical question to the vocational expert ("VE") as follows:

> ALJ: Okay. Mr. Marlowe, let me give you some hypothetical questions then. Let's say we had an individual who was the same age, had the same educational and vocational background as this claimant who is limited to light work as described by the Commissioner. That is could occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds. Stand and/or walk at least six hours in an eight hour workday and sit at least six hours in an eight hour workday. Let's say that individual could only occasionally stoop, let's say the individual needed to avoid work above shoulder level. Now are there any jobs in significant numbers that such an individual could perform in the regional or national economy? And if so could you give me some representative examples?

The VE identified the jobs of mail clerk, hand packager, and sorter in response to the questioning. The VE did not qualify his answer as deviating from the DOT. (Tr. 36-37).

An "ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to

5

support a determination of nondisability." Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir. 1999). This Court does not perceive any conflict between the ALJ's questioning, the VE's response, and the DOT. The ALJ's limitation was subsumed within the DOT. The most common conflict noted is when the VE identifies a job not listed in the DOT. The conflict identified by the Claimant does not rise to this level. No error is attributed to this issue.

Claimant also contends the ALJ failed to identify her anxiety and depression as severe and, in so doing, ignored evidence of the effect of these conditions. Claimant asserts the ALJ should have included the impairments resulting from her anxiety and depression in his hypothetical questioning of the VE and in his RFC. The medical record simply does not support Claimant's conditions as severe or as limiting, other than through her statements made in the initial submissions to the Social Security Administration. Dr. Mohammed Quadeer, a consultative examiner, makes mention that Claimant "has some anxiety and depression." But then he notes "[s]he is awake, alert, and oriented x 3. Recent and remote memories are intact. Speech is 100% intelligible. Thought processes appear normal. No signs of over pathology are noted." (Tr. 172).

Claimant contends the ALJ erred by failing to insure a Psychiatric Review Technique was completed on Claimant. A PRT was

6

completed on November 1, 2007 but no medically determinable impairment was found and no limitations attributable to Claimant's mental condition were imposed. (Tr. 179-92). This Court finds no error in the ALJ's treatment of Claimant's alleged mental condition.

## Consideration of Medical Source Evidence

Claimant also contends the ALJ failed to properly weigh and consider the opinion of Dr. Quadeer, a non-treating, consultative examiner. Dr. Quadeer found Claimant had tenderness at L4-5 and marked spasm of the muscles at the lumbar level and also thoracic level. Movements of the lumbar spine was markedly diminished with spasms. Claimant was not able to do toe-walking and heel-walking because of spasms. He also found Claimant's gait was safe and stable with appropriate speed, she did not use an assistive device, had not identifiable muscle atrophy and heel/toe walking was normal. Tandem gait was also within normal limits. (Tr. 172).

Claimant contends this report was internally inconsistent. This Court does not find such an inconsistency. Toe-walking, alone, and heel-walking, alone, are not the same as heel and toe walking. No error is attributed to the inclusion of these findings in the ALJ's decision.

Claimant also contends the ALJ failed to explain the reason he

rejected Dr. Quadeer's opinion as to Claimant's physical limitations but rejected the finding of anxiety and depression. (Tr. 18). The ALJ gave "little weight" to these findings because Dr. Quadeer "is not a mental health professional, nor are his findings consistent with the rest of the record." Id. Dr. Quadeer made no findings which would indicate Claimant suffered from a mental health limitation - indeed, all of his findings were essentially normal. Additionally, the ALJ was correct that none of the remainder of the medical record supports a finding that Claimant suffered from a limiting mental health condition. Accordingly, the ALJ's findings are well-supported in this regard.

### Credibility Analysis

Claimant also challenges the ALJ's credibility findings. After citing the Claimant's testimony concerning her limitations, the ALJ found her statements were inconsistent with the RFC assessment. (Tr. 17). He noted Claimant's pain in her back was largely treated with Tylenol, which Claimant stated helped her pain and Ibuprofen. (Tr. 18). The record also indicates Claimant took anti-inflammation medication as well. (Tr. 204). Her pain, however, was largely controlled by over-the-counter medications in greater dosages.

It is well-established that "findings as to credibility should

be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. The ALJ has sufficiently tied his credibility findings to the medical record such that they are well-supported. No error is attributed to this allegation.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

DATED this 23rd day of September, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE